# EXHIBIT 14

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

HT-2022-000244

**IN THE HIGH COURT OF JUSTICE**
**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**
**TECHNOLOGY AND CONSTRUCTION COURT (KBD)**

**B E T W E E N :**

**PINEWOOD TECHNOLOGIES ASIA PACIFIC LIMITED**

**Claimant**

**-and-**

**PINEWOOD TECHNOLOGIES PLC**

**Defendant**

---

### SCOTT SCHEDULE – UPDATED WITH DEFENDANT'S RESPONSES

---

**General notes**

1       The Claimant's position is that a Development Item (as defined at paragraph 17 of the Particulars of Claim) was completed, such that the Defendant's obligation to implement the Development Item had been met, when the Claimant was able to verify, through testing with a pilot dealership, that the relevant Development Item had been implemented and was fully functional in the relevant Territory.

2       It is ~~understood to be~~ common ground that the First Reseller Agreement was terminated~~, by either the Claimant or the Defendant,~~ as of 27 May 2022. The Defendant also understands it to be common ground that the First Reseller Agreement was terminated by the Defendant. [Note: the Claimant has not pleaded any case that it terminated the First Reseller Agreement (on 27 May 2022 or otherwise). Rather, it has pleaded (at para 7.1 of the POC) that the Defendant sent a Legal Notice stating that it had terminated the First Reseller Agreement on 27 May 2022, and (at para 28.2 of the POC) that the First Reseller Agreement has been terminated. It is inferred from this that the Claimant accepts that the Defendant terminated the First Reseller Agreement on 27 May 2022. For the avoidance of doubt, the Claimant has not served any notice terminating or purporting to terminate the First Reseller Agreement as of 27 May 2022.] It is the Claimant's position that the Second Reseller Agreement was terminated by it on 19 July 2022. (As set out below this is disputed by the Defendant.) The Claimant has therefore set out whether each Development Item had been completed as of the relevant date of termination.

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

3       The Defendant responds to the entries below without prejudice to its case that:

a.     The Second Reseller Agreement was not terminated by the Claimant on 19 July 2022 (but rather was terminated by the Defendant on 21 July 2022);

b.     The Claimant did not enter into any Customer Contracts within the meaning of the Second Reseller Agreement; and

c.     The Defendant did not owe the Claimant the Localisation Obligation.

4       The Defendant's responses below represent the best particulars it is able to provide at this time pending the provision of full and proper particulars by the Claimant, disclosure, witness statements and expert reports (including in relation to issues of foreign law). Accordingly, the Defendant reserves the right to supplement its responses in due course.

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| A. | **Development Items required pursuant to the Legal Requirements Obligation** | | | | | |
| 1 | <u>Character Limit Increase.</u><br><br>To enable longer company and customer names to be saved against Customer and Sales and Purchase Ledger Accounts. | Section 86/4 of the Thai Revenue Code provides that tax invoices should contain the name of the VAT registrant as well as the name of the purchaser of goods or service.<br><br>The Development Item was required to ensure that full names would be provided on tax invoices, such that the customer would be able to generate tax invoices in compliance with Section 86/4.<br><br>A VAT registrant which issues a tax invoice, abbreviated tax invoice, credit note or debit note with incomplete particulars in the matter of substance | Thailand | The Defendant has been on notice of the detail required to implement the Development Item since at least 19 October 2018.<br><br>As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements Obligation and sections 13 and 14 SGSA.<br><br>The Development Item was identified after launch in Thailand, and was required for the Pinewood DMS to be certificated as compliant with Thai tax | 1.  It is denied the Claimant provided notice and detail of this alleged Development Item on 19 October 2018. Notice was first given on 1 November 2019 by email from Maxwell Li to Peter Thomas, although that communication did not refer to this item as a regulatory/legal requirement.<br><br>2.  It is denied that this was a required Development Item. The Sales and Purchase Ledger Accounts provide for a | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | under Section 86/4 shall be subject to a fine (per Section 90(12)). | | requirements. The Defendant's subsequent failure to implement the Development Item prevented certification, in turn preventing the Claimant from launching the Pinewood DMS with additional Thai customers. | customer name of 50 characters, which is printed on all sales invoices together with the address. In the unlikely event that a customer name exceeds 50 characters, then the first of 5 address lines may be used as an overflow as the address is also printed on tax invoices. The Defendant is not aware of this having caused any issue for Thai Contracted Customers (all of whom have names of no longer than 50 characters).<br><br>3.   Further, and in any event, clause 4(3) of the Thai Revenue Department's Order No. Por. 86/2542 provides that the name of the purchaser of goods or services may be abbreviated so long as the abbreviated form is clearly noticeable and does not lead to misunderstanding or confusion regarding the | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | identity of the VAT registrant. | |
| | | | | | 4.  It is admitted that no development has been carried out. This is because such development is unnecessary for the reasons stated above. Accordingly, the alleged breach of the Legal Requirements Obligation and SGSA is denied. | |
| | | | | | 5.  The allegation that the Pinewood DMS could not be "*certificated as compliant with Thai tax requirements*" is embarrassing for want of particularity (the Clamant having failed to particularise the certification process referred to nor the relevant provisions of Thai law which are said to govern it). Pending the provisions of full and proper particulars, the allegation is not admitted, the Defendant having no knowledge of | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | any such certification process. | |
| | | | | | 6. It is denied that the absence of this alleged Development Item prevented the sale of the Pinewood DMS to other customers in Thailand. | |
| 2 | <u>Credit Note - Reference Total Invoice Value.</u><br><br>To enable credit notes to display the total value of the original invoice, next to the credited value. | Section 86/10(5) of the Thai Revenue Code requires credit notes to contain "*the serial number of the original tax invoice and, if any, of book, the value of goods or service shown in the tax invoice, the correct value of goods or service, the difference between the two, and the amount of value added tax being credited.*"<br><br>The Development Item was required in order to ensure that the credit notes generated complied with the Section 86/10(5) requirement.<br><br>A VAT registrant which issues a tax invoice, abbreviated tax invoice, credit note or debit note with incomplete particulars in the matter of substance under Section 86/10 shall be subject to a fine (per Section 90(12)). | Thailand | The Defendant has been on notice of the detail required to implement the Development Item since at least 31 March 2021, the date on which Mr Peter Thomas, of the Defendant, was sent summaries of each of the outstanding Development Items in Thailand, by Microsoft Teams.<br><br>As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements Obligation and sections 13 and 14 SGSA.<br><br>The Development Item was identified after launch in Thailand, and was required for the Pinewood DMS to be certificated as | 1. It is not admitted that notice was provided on 31 March 2021, the Defendant having no record of such notice having been provided.<br><br>2. It is denied that the Claimant has provided sufficient detail in relation to this alleged Development Item. Further information was required for this request as it is not clear which original price needs to be shown where there is a partial credit. This is further complicated as it is possible to have more than one credit note from a single original invoice. | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|----|------------------|---------------------------------------------------------------------------------------------------|-----------|---------------------|---------------------|--------------------|
| | | | | compliant with Thai tax requirements. The Defendant's failure to implement the Development Item prevented certification, in turn preventing The Claimant from launching the Pinewood DMS with additional Thai customers. | 3. The allegation that the Pinewood DMS could not be "*certificated as compliant with Thai tax requirements*" is embarrassing for want of particularity (the Clamant having failed to particularise the certification process referred to nor the relevant provisions of Thai law which are said to govern it). Pending the provisions of full and proper particulars, the allegation is not admitted, the Defendant having no knowledge of any such certification process.<br><br>4. It is denied that the absence of this alleged Development Item prevented the sale of the Pinewood DMS to other customers in Thailand. | |
| 3 | VAT on Vehicle and Workshop Deposits.<br><br>To adapt Deposit | Section 86/10(5) of the Thai Revenue Code requires invoices and credit notes to contain "*the serial number of the original tax invoice and, if any, of book, the value of goods or service shown in the tax invoice, the correct value of goods or service,*" | Thailand | Defendant has been on notice of the detail required to implement the Development Item since at least since at least 12 December 2019, per the email and attachment sent | 1. It is admitted that notice of this alleged Development Item was provided on 12 December 2019. However, it is denied | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | function to prevent jumps in sequencing of VAT reports. | *the difference between the two, and the amount of value added tax being credited.*"<br><br>The Development Item was required in order to ensure that invoices and credit notes generated in relation to Vehicle and Workshop Deposits did not contain jumps in serial numbers and therefore complied with the Section 86/10(5) requirement.<br><br>A VAT registrant which issues a tax invoice, abbreviated tax invoice, credit note or debit note with incomplete particulars in the matter of substance under Section 86/10 shall be subject to a fine (per Section 90(12)). | | by Ms Josephine Lee, of the Claimant, to (among others) Mr Paul Hopkinson and Mr Steve Meadows, of the Defendant.<br><br>As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements Obligation and sections 13 and 14 SGSA.<br><br>The Development Item was identified after launch in Thailand, and was required for the Pinewood DMS to be certificated as compliant with Thai tax requirements. The Defendant's failure to implement the Development Item prevented certification, in turn preventing the Claimant from launching the Pinewood DMS with additional Thai customers. | that the notice contained sufficient detail.<br><br>2.   The legal basis on which this alleged Development Item is said to be required is not understood. The quoted part of Section 86/10(5) of the Thai Revenue Code does not refer to sequences of serial numbers nor to VAT reports at all.<br><br>3.   Further, it is not understood on what basis it is alleged that the existing VAT reporting function is not compliant with the Thai Revenue Code.<br><br>4.   The allegation that the Pinewood DMS could not be "*certificated as compliant with Thai tax requirements*" is embarrassing for want of particularity (the Clamant having failed to particularise the certification process referred to nor the relevant provisions of Thai law which are said | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | to govern it). Pending the provisions of full and proper particulars, the allegation is not admitted, the Defendant having no knowledge of any such certification process.<br><br>5.  It is denied that the absence of this alleged Development Item prevented the sale of the Pinewood DMS to other customers in Thailand. | |
| 4 | <u>Reprint Tag.</u><br><br>To adapt Pinewood DMS so that all reprinted documents display a "reprint note" to distinguish from original document. | Section 86/12 of the Thai Revenue Code provides that a "*substitute for tax invoice, credit note or debit note shall contain the same particulars as in the tax invoice, debit note or credit note, as the case may be, with the word in a prominent place stating that it is a substitute for which tax invoice, debit note or credit note.*"<br><br>The Development Item was required to ensure that substitute documents printed from the Pinewood DMS were marked as such, in compliance with Section 86/12.<br><br>A VAT registrant which issues a certified copy of tax invoice, credit note | Thailand | The Defendant has been on notice of the detail required to implement the Development Item since at least 12 December 2019, per the email and attachment sent by Ms Josephine Lee, of the Claimant, to (among others) Mr Paul Hopkinson and Mr Steve Meadows, of the Defendant.<br><br>As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements | 1.  It is admitted that notice of this alleged Development Item was given on 12 December 2019.<br><br>2.  The necessity of the alleged Development Item is denied. The Pinewood DMS has always printed the word "Reprint" on Invoices & Credit Notes. The system also has the option of allowing customers to design their own templates for these documents. | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | or debit note under Section 86/12 shall be subject to a fine (per Section 90(12)). | | Obligation and sections 13 and 14 SGSA.<br><br>The Development Item was identified after launch in Thailand, and was required for the Pinewood DMS to be certificated as compliant with Thai tax requirements. The Defendant's failure to implement the Development Item prevented certification, in turn preventing the Claimant from launching the Pinewood DMS with additional Thai customers. | 3. The request was to ensure that HTML templates had the ability to show as a reprint. This was enabled immediately on the 12 December 2019, although the dealer in question has not switched from the standard Invoice & Credit note layouts to an HTML template.<br><br>4. Accordingly, there is no outstanding issue and it is denied that the customer has not been able to satisfy the regulation.<br><br>5. The allegation that the Pinewood DMS could not be "*certificated as compliant with Thai tax requirements*" is embarrassing for want of particularity (the Clamant having failed to particularise the certification process referred to nor the relevant provisions of Thai law which are said to govern it). Pending the provisions of full and | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | proper particulars, the allegation is not admitted, the Defendant having no knowledge of any such certification process.<br><br>6.  It is denied that the absence of this alleged Development Item prevented the sale of the Pinewood DMS to other customers in Thailand | |
| 5 | WHT Report – Amendments to Header Print.<br><br>To amend withholding tax reports to comply with Thai Tax Revenue Department format requirements. | Customers in Thailand are required to export, print and submit PND3 and PND53 withholding tax returns. The obligation to submit returns is set out in (inter alia) Section 59 of the Thai Revenue Code.<br><br>The Development Item was required to amend the header format of the withholding tax reports generated from the Pinewood DMS to comply with the PND5 and PND53 formats for submission to the Thai Revenue Department. Submission of non-compliant returns may result in a fine for non-compliance with the filing obligation. | Thailand | The Defendant has been on notice of the detail required to implement the Development Item since at least 12 December 2019, per the email and attachment sent by Ms Josephine Lee, of the Claimant, to (among others) Mr Paul Hopkinson and Mr Steve Meadows, of the Defendant.<br><br>As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements Obligation and sections 13 and 14 SGSA. | 1.  It is denied that the Claimant gave proper notice of this alleged Development Item. The attachment to the email from Ms Lee showed the item as an issue, however it was not stated that this was a regulatory item – see Tab "AAS Critical Issues – Part 2" Row 9.<br><br>2.  In any event, the Defendant attempted to satisfy this requirement and engaged further with the Claimant to understand the scope of the requested development, which evolved to include the ability to download from | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | The Development Item was identified after launch in Thailand, and was required for the Pinewood DMS to be certificated as compliant with Thai tax requirements. The Defendant's failure to implement the Development Item prevented certification, in turn preventing the Claimant from launching the Pinewood DMS with additional Thai customers. | the DMS a file suitable for uploading into the Thai government system. The specification for the files was received on 21 May 2021. Engagement between Peter Thomas (of the Defendant) and Josh Bunyan (of the Claimant) to detail and define the requirement was ongoing up until termination of the First Reseller Agreement.<br><br>3.   In the premises, it is averred that the Defendant would have implemented this alleged Development Item if given sufficient time to do so.<br><br>4.   The allegation that the Pinewood DMS could not be "*certificated as compliant with Thai tax requirements*" is embarrassing for want of particularity (the Clamant having failed to particularise the certification process referred to nor the relevant provisions of | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | Thai law which are said to govern it). Pending the provisions of full and proper particulars, the allegation is not admitted, the Defendant having no knowledge of any such certification process.<br><br>5.   It is denied that the absence of this alleged Development Item prevented the sale of the Pinewood DMS to other customers in Thailand | |
| 6 | VAS - General Ledger with Opposite Account Report.<br><br>Functionality to generate a VAS compliant accounting report showing the general ledger with the opposite side of entry for each | Article 7(3) of the Vietnam Law No. 88/2015/QH13 on Accounting provides that "*the Ministry of Finance shall provide for accounting standards and codes of ethics for accountants based on international accounting standards and Vietnam's conditions.*" The Ministry of Finance has issued 26 Vietnamese Accounting Standards ("**VAS**"): see Decision no. 149/2001/QD-BTC of December 31, 2001; Decision No.165/2002/QD-BTC of December 31, 2002; Decision No. 234/2003/QD-BTC of December 30, 2003; Decision no. 12/2005/QD-BTC of February 15, 2005; and Decision No. 100/2005/QD-BTC of December 28, 2005. | Vietnam | The Defendant has been on notice of the detail required to implement the Development Item since at least 15 October 2019, when Ms Sera Thomas, of the Claimant, sent Mr Peter Thomas, of the Defendant. an email attaching notes on the VAS required Development Items.<br><br>As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements | 1.   The pleaded email is admitted, but it is denied that it contained sufficient detail to enable the Defendant to implement this alleged Development Item. Further, and in any event, the pleaded email shows that it was the Claimant's intention that this functionality would be provided to customers though AutoBi.<br><br>2.   It is denied that this was a legally-required Development Item. The Pinewood DMS is not | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | accounting code. | VAS requires the report to be available at all times for inspection by tax auditors.<br><br>The Development Item was required to allow Customers to generate a general ledger in compliance with VAS and the Law on Accounting. The Development Item was therefore required for Customers to accept the Pinewood DMS in Vietnam. | | Obligation and sections 13 and 14 SGSA.<br><br>As Customers required the Development Item for launch in Vietnam, the Defendant's failure to deliver caused the Claimant to develop the relevant functionality at its own cost and provide it to Customers through a separate proprietary tool (AutoBi). | finance accounting and enterprise resource planning ERP software within the meaning of Circular No. 09/2013/TT-BTTTT dated 8 April 2013 of the Minister of Information and Communications, on the list of software, hardware and electronic products (as amended by Circular No. 20/2021/TT-BTTTT dated 3 December 2021 of the Minister of Information and Communications) ("**Circular 09**"). Accordingly, the Pinewood DMS was not required to comply with VAS.<br><br>3.  Further, under the Memorandum of Understanding dated 4 February 2019 between Prestige Sports Cars Company Ltd and the Claimant, it was agreed that VAS reports would be produced in "*Power BI and/or a similar tool*" using data provided from the Pinewood | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | DMS, and the Customer Contract with Prestige Sports Cars Company Ltd duly provided for AutoBi to be supplied for a one time fee of US$10k plus ongoing charges of US$820/month. Accordingly, it was not necessary for the Pinewood DMS to be developed so as to include the function to produce VAS reports. 4. The Pinewood DMS was duly updated so as to provide the relevant data for the Claimant to produce VAS reports in AutoBi. 5. Following an unsuccessful attempt by the Claimant to replicate the reports in AutoBi, the Claimant asked the Defendant to try and provide the report. The Defendant did so and it was released to the customer in October 2021. Following this release there was further discussion as to whether | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | the report met the requested requirement, which was interpreted by the Claimant as requiring each debit to have an equal and opposite credit. This does not follow the principles of double entry book-keeping where the total of all debits and credits for a single transaction should be equal. Prestige Sports Cars Company Ltd has confirmed to the Defendant that its previous system worked in a similar way to the Pinewood DMS without each debit having an equal and opposite credit.<br><br>6. Further, and in any event, on the Claimant's own case the loss caused by this alleged breach of the First Reseller Agreement would be limited to the cost of developing the relevant functionality in AutoBi (for which Contracting Customers were charged separately). | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| 7 | <u>VAS - Vehicle Inventory Movement Report</u>. Functionality to generate a VAS compliant accounting report showing in and out vehicle inventory movement. | See Row 6. VAS requires the report to be available at all times for inspection by tax auditors. The Development Item was required to allow Customers to generate a vehicle inventory report in compliance with VAS and the Accounting Law. The Development Item was therefore required for Customers to accept the Pinewood DMS in Vietnam. | Vietnam | The Defendant has been on notice of the detail required to implement the Development Item since at least 3 July 2020, per the email and attachment of that date sent by Ms Sera Thomas, of the Claimant, to Mr Peter Thomas, of the Defendant. As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements Obligation and sections 13 and 14 SGSA. As Customers required the Development Item for launch in Vietnam, the Defendant's failure to deliver caused the Claimant to develop the relevant functionality at its own cost and provide it to Customers through a separate proprietary tool (AutoBi). | 1. The pleaded email is admitted. It shows that it was the Claimant's intention that this functionality would be provided to customers though AutoBi. <br><br> 2. It is denied that this was a required Development Item. The Pinewood DMS is not finance accounting and enterprise resource planning ERP software within the meaning of Circular 09. Accordingly, the Pinewood DMS was not required to comply with VAS. <br><br> 3. Further, under the Memorandum of Understanding dated 4 February 2019 between Prestige Sports Cars Company Ltd and the Claimant, it was agreed that VAS reports would be produced in "*Power BI and/or a similar tool*" using data provided from the Pinewood DMS, and the Customer Contract with Prestige Sports Cars Company | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|----|----|----|----|----|----|----|
| | | | | | Ltd duly provided for AutoBi to be supplied for a one time fee of US$10k plus ongoing charges of US$820/month. Accordingly, it was not necessary for the Pinewood DMS to be developed so as to include the function to produce VAS reports. 4. Further, and in any event, on the Claimant's own case the loss caused by this alleged breach of the First Reseller Agreement would be limited to the cost of developing the relevant functionality in AutoBi (for which Contracting Customers were charged separately). | |
| 8 | VAS - Parts Inventory Movement. Functionality to generate a VAS compliant accounting | See Row 6. VAS requires the report to be available at all times for inspection by tax auditors. The Development Item was required to allow Customers to generate a parts inventory report in compliance with | Vietnam | The Defendant has been on notice of the detail required to implement the Development Item since at least 3 July 2020, per the email and attachment of that date sent by Ms Sera Thomas, of the Claimant, | 1. The pleaded email is admitted. It shows that it was the Claimant's intention that this functionality would be provided to customers though AutoBi. | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | report showing in and out parts inventory movement. | VAS and the Accounting Law. The Development Item was therefore required for Customers to accept the Pinewood DMS in Vietnam. | | to Mr Peter Thomas, of the Defendant.<br><br>As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements Obligation and sections 13 and 14 SGSA.<br><br>As Customers required the Development Item for launch in Vietnam, the Defendant's failure to deliver caused the Claimant to develop the relevant functionality at its own cost and provide it to Customers through a separate proprietary tool (AutoBi). | 2. It is denied that this was a required Development Item. The Pinewood DMS is not finance accounting and enterprise resource planning ERP software within the meaning of Circular 09. Accordingly, the Pinewood DMS was not required to comply with VAS.<br><br>3. Further, under the Memorandum of Understanding dated 4 February 2019 between Prestige Sports Cars Company Ltd and the Claimant, it was agreed that VAS reports would be produced in "*Power BI and/or a similar tool*" using data provided from the Pinewood DMS, and the Customer Contract with Prestige Sports Cars Company Ltd duly provided for AutoBi to be supplied for a one time fee of US$10k plus ongoing charges of US$820/month. Accordingly, it was not necessary for the | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | Pinewood DMS to be developed so as to include the function to produce VAS reports. 4. Further, and in any event, on the Claimant's own case the loss caused by this alleged breach of the First Reseller Agreement would be limited to the cost of developing the relevant functionality in AutoBi (for which Contracting Customers were charged separately). | |
| 9 | VAS - Work In Progress Report. Functionality to generate a VAS compliant work in progress report for vehicle servicing. | See Row 6. VAS requires the generation of a 'work-in-progress' report, to be available at all times for inspection by tax auditors. The Development Item was required to allow Customers to generate a work in progress report in compliance with VAS and the Accounting Law. The Development Item was therefore required for Customers to accept the Pinewood DMS in Vietnam. | Vietnam | The Defendant has been on notice of the detail required to implement the Development Item since at least 3 July 2020, per the email and attachment of that date sent by Ms Sera Thomas, of the Claimant, to Mr Peter Thomas, of the Defendant. As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements | 1. The pleaded email is admitted. It shows that it was the Claimant's intention that this functionality would be provided to customers though AutoBi. 2. It is denied that this was a required Development Item. The Pinewood DMS is not finance accounting and enterprise resource planning ERP software within the meaning of Circular 09. Accordingly, | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|----|-----------------|---------------------------------------------------------------------------------------------------|-----------|--------------------|--------------------|-------------------|
|    |                 |                                                                                                   |           | Obligation and sections 13 and 14 SGSA. As Customers required the Development Item for launch in Vietnam, the Defendant's failure to deliver caused the Claimant to develop the relevant functionality at its own cost and provide it to Customers through a separate proprietary tool (AutoBi). | the Pinewood DMS was not required to comply with VAS. 3. Further, under the Memorandum of Understanding dated 4 February 2019 between Prestige Sports Cars Company Ltd and the Claimant, it was agreed that VAS reports would be produced in "*Power BI and/or a similar tool*" using data provided from the Pinewood DMS, and the Customer Contract with Prestige Sports Cars Company Ltd duly provided for AutoBi to be supplied for a one time fee of US$10k plus ongoing charges of US$820/month. Accordingly, it was not necessary for the Pinewood DMS to be developed so as to include the function to produce VAS reports. 4. Further, and in any event, on the Claimant's own case the loss caused by this alleged breach of | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | the First Reseller Agreement would be limited to the cost of developing the relevant functionality in AutoBi (for which Contracting Customers were charged separately). | |
| 10 | VAS - Trial Balance. <br><br> Functionality to generate a VAS compliant trial balance report. | See Row 6. <br><br> VAS requires the generation of a 'trial balance report', to be submitted to the tax authority and available at all times for inspection by tax auditors. <br> The Development Item was required to allow Customers to generate a trial balance in compliance with VAS and the Accounting Law. The Development Item was therefore required for Customers to accept the Pinewood DMS in Vietnam. | Vietnam | The Defendant has been on notice of the detail required to implement the Development Item since at least 15 October 2019, when Ms Sera Thomas, of the Claimant, sent Mr Peter Thomas, of the Defendant. an email attaching notes on the VAS required Development Items. <br><br> As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements Obligation and sections 13 and 14 SGSA. <br><br> As Customers required the Development Item for launch in Vietnam, the Defendant's failure to deliver caused the Claimant to develop the | 1. The pleaded email is admitted. It shows that it was the Claimant's intention that this functionality would be provided to customers though AutoBi. <br><br> 2. It is denied that this was a required Development Item. The Pinewood DMS is not finance accounting and enterprise resource planning ERP software within the meaning of Circular 09. Accordingly, the Pinewood DMS was not required to comply with VAS. <br><br> 3. Further, under the Memorandum of Understanding dated 4 February 2019 between Prestige Sports Cars | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | relevant functionality at its own cost and provide it to Customers through a separate proprietary tool (AutoBi). | Company Ltd and the Claimant, it was agreed that VAS reports would be produced in "*Power BI and/or a similar tool*" using data provided from the Pinewood DMS, and the Customer Contract with Prestige Sports Cars Company Ltd duly provided for AutoBi to be supplied for a one time fee of US$10k plus ongoing charges of US$820/month. Accordingly, it was not necessary for the Pinewood DMS to be developed so as to include the function to produce VAS reports. <br><br> 4. Further, and in any event, on the Claimant's own case the loss caused by this alleged breach of the First Reseller Agreement would be limited to the cost of developing the relevant functionality in AutoBi (for which Contracting Customers were charged separately). | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| 11 | VAS - Balance Sheet. Functionality to generate a VAS compliant balance sheet report. | See Row 6. VAS requires the generation of a 'balance sheet report', to be submitted to the tax authority and available at all times for inspection by tax auditors. The Development Item was required to allow Customers to generate a balance sheet in compliance with VAS and the Accounting Law. The Development Item was therefore required for Customers to accept the Pinewood DMS in Vietnam. | Vietnam | The Defendant has been on notice of the detail required to implement the Development Item since at least 15 October 2019, when Ms Sera Thomas, of the Claimant, sent Mr Peter Thomas, of the Defendant. an email attaching notes on the VAS required Development Items. As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements Obligation and sections 13 and 14 SGSA. As Customers required the Development Item for launch in Vietnam, the Defendant's failure to deliver caused the Claimant to develop the relevant functionality at its own cost and provide it to Customers through a separate proprietary tool (AutoBi). | 1.  The pleaded email is admitted. It shows that it was the Claimant's intention that this functionality would be provided to customers though AutoBi. 2.  It is denied that this was a required Development Item. The Pinewood DMS is not finance accounting and enterprise resource planning ERP software within the meaning of Circular 09. Accordingly, the Pinewood DMS was not required to comply with VAS. 3.  Further, under the Memorandum of Understanding dated 4 February 2019 between Prestige Sports Cars Company Ltd and the Claimant, it was agreed that VAS reports would be produced in "*Power BI and/or a similar tool*" using data provided from the Pinewood DMS, and the Customer Contract with Prestige Sports Cars Company | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | Ltd duly provided for AutoBi to be supplied for a one time fee of US$10k plus ongoing charges of US$820/month. Accordingly, it was not necessary for the Pinewood DMS to be developed so as to include the function to produce VAS reports.<br><br>4. Further, and in any event, on the Claimant's own case the loss caused by this alleged breach of the First Reseller Agreement would be limited to the cost of developing the relevant functionality in AutoBi (for which Contracting Customers were charged separately). | |
| 12 | VAS - Accounts Receivable Report.<br><br>Functionality to generate a VAS compliant | See Row 6.<br><br>VAS requires the generation of an 'accounts receivable report' to be available at all times for inspection by tax auditors.<br><br>The Development Item was required to allow Customers to generate an | Vietnam | The Defendant has been on notice of the detail required to implement the Development Item since at least 3 July 2020, per the email and attachment of that date sent by Ms Sera Thomas, of the Claimant, | 1. The pleaded email is admitted. It shows that it was the Claimant's intention that this functionality would be provided to customers though AutoBi. | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | accounts receivable report. | accounts receivable report in compliance with VAS and the Accounting Law. The Development Item was therefore required for Customers to accept the Pinewood DMS in Vietnam. | | to Mr Peter Thomas, of the Defendant.<br><br>As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements Obligation and sections 13 and 14 SGSA.<br><br>As Customers required the Development Item for launch in Vietnam, the Defendant's failure to deliver caused the Claimant to develop the relevant functionality at its own cost and provide it to Customers through a separate proprietary tool (Auto Bi). | 2.  It is denied that this was a required Development Item. The Pinewood DMS is not finance accounting and enterprise resource planning ERP software within the meaning of Circular 09. Accordingly, the Pinewood DMS was not required to comply with VAS.<br><br>3.  Further, under the Memorandum of Understanding dated 4 February 2019 between Prestige Sports Cars Company Ltd and the Claimant, it was agreed that VAS reports would be produced in "*Power BI and/or a similar tool*" using data provided from the Pinewood DMS, and the Customer Contract with Prestige Sports Cars Company Ltd duly provided for AutoBi to be supplied for a one time fee of US$10k plus ongoing charges of US$820/month. Accordingly, it was not necessary for the | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | Pinewood DMS to be developed so as to include the function to produce VAS reports.<br><br>4. Further, and in any event, on the Claimant's own case the loss caused by this alleged breach of the First Reseller Agreement would be limited to the cost of developing the relevant functionality in AutoBi (for which Contracting Customers were charged separately). | |
| 13 | VAS - Income Statement.<br><br>Functionality to generate a VAS compliant income statement. | See Row 6.<br><br>VAS requires the generation of an 'income statement', to be submitted to the tax authority and available at all times for inspection by tax auditors.<br><br>The Development Item was required to allow Customers to generate an income statement in compliance with VAS and the Accounting Law. The Development Item was therefore required for Customers to accept the Pinewood DMS in Vietnam. | Vietnam | The Defendant has been on notice of the detail required to implement the Development Item since at least 15 October 2019, when Ms Sera Thomas, of the Claimant, sent Mr Peter Thomas, of the Defendant. an email attaching notes on the VAS required Development Items.<br><br>As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements | 1. The pleaded email is admitted. It shows that it was the Claimant's intention that this functionality would be provided to customers though AutoBi.<br><br>2. It is denied that this was a required Development Item. The Pinewood DMS is not finance accounting and enterprise resource planning ERP software within the meaning of Circular 09. Accordingly, | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | Obligation and sections 13 and 14 SGSA.<br><br>As Customers required the Development Item for launch in Vietnam, the Defendant's failure to deliver caused the Claimant to develop the relevant functionality at its own cost and provide it to Customers through a separate proprietary tool (AutoBi). | the Pinewood DMS was not required to comply with VAS.<br><br>3.   Further, under the Memorandum of Understanding dated 4 February 2019 between Prestige Sports Cars Company Ltd and the Claimant, it was agreed that VAS reports would be produced in "*Power BI and/or a similar tool*" using data provided from the Pinewood DMS, and the Customer Contract with Prestige Sports Cars Company Ltd duly provided for AutoBi to be supplied for a one time fee of US$10k plus ongoing charges of US$820/month. Accordingly, it was not necessary for the Pinewood DMS to be developed so as to include the function to produce VAS reports.<br><br>4.   Further, and in any event, on the Claimant's own case the loss caused by this alleged breach of | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | the First Reseller Agreement would be limited to the cost of developing the relevant functionality in AutoBi (for which Contracting Customers were charged separately). | |
| 14 | Mandatory BIR Tax Breakdown. To enable Invoices and Credit Notes to display a breakdown of tax values, where tax value is zero. | The Philippines Bureau of Internal Revenue Memorandum Order No. 12-2013 dated 2 May 2013 (the "**Order**") provides that "Official Receipts", "Sales Invoices" and "Other Commercial Invoices" shall break down amounts in mixed transactions into: VATable Sales, VAT Amount, Zero Rated Sales, and VAT Exempt Sales. The Pinewood DMS did not display category names where the tax value was zero. The Development Item was required to ensure that the full breakdown was provided, in compliance with the Order. | Philippines | The Defendant has been on notice of the detail required to implement the Development Item since at least 8 October 2021, per the Wrike communication of that date titled "Mandatory BIR Tax Breakdown" by Mr Joshua Bunyan, of the Claimant, to Mr Peter Thomas, of the Defendant. As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements Obligation and sections 13 and 14 SGSA. The Development Item was identified after launch in the Philippines, and was required for the Pinewood DMS to be certificated as compliant with | 1. The pleaded notice is admitted, but it is denied that the pleaded notice provided sufficient information to enable the Defendant to implement the alleged Development Item.  2. It is denied that the Order applies to Philippines dealers using the Pinewood DMS. The Order is applicable only for taxpayers who are engaged in business that uses manually-generated receipts and invoices. All Philippines dealers using the Pinewood DMS are (or are likely to be) using a computerized accounting system, not manually-generated receipts and invoices. | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | Philippines tax requirements. | 3. In any event, it is denied that the Order requires invoices and credit notes to display "*category names*" where the tax value is zero. Rather, the requirement is to show the breakdown of the goods value where the tax value is zero.<br><br>4. Further, invoices and credit notes generated by the Pinewood DMS do break out the goods value and associated tax values for each separate tax supply type. Tax category names are definable by the dealer.<br><br>5. Accordingly, it is denied that this was a required Development Item.<br><br>6. Alternatively, if this was a required Development Item, it is denied that the Defendant was given sufficient time to implement it. On the Claimant's own case, notice was given on 8 October 2021 (less than eight months prior to | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | termination of the First Reseller Agreement). <br><br>7.  The allegation that the Pinewood DMS could not be "*certificated as compliant with Philippines tax requirements*" is not admitted, the Defendant having no knowledge of any such certification process. | |
| 15 | First Registration Tax – Hong Kong <br><br> Enable Pinewood DMS to calculate FRT. | Hong Kong dealers who import motor vehicles for use in Hong Kong are required to pay First Registration Tax (FRT) pursuant to the Motor Vehicles (First Registration Tax) Ordinance. <br><br> The Development Item was required to enable the Pinewood DMS to accurately calculate FRT, such that Hong Kong Customers could comply with the requirement. | Hong Kong | The Defendant has been on notice of the detail required to implement the Development Item since at least 23 November 2017. <br><br> As of 27 May 2022, the Development Item had not been completed, in breach of the Legal Requirements Obligation and sections 13 and 14 SGSA. | 1.  It is not admitted that notice was given on 23 November 2017 (the Defendant having no record of any such notice). <br><br> 2.  It is denied that this was a required Development Item. Whilst it is a requirement for Hong Kong motor vehicle dealers to charge FRT, it is denied that there is any Hong Kong law or regulation that requires any system (such as the Pinewood DMS) to calculate this value. The dealer itself can enter the correct value to be | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | charged into the Pinewood DMS.<br><br>3.   Further, and in any event, the Pinewood DMS has supported FRT calculation with a built-in function since 2018. | |
| 16 | Tenken / Shaken Requirements<br><br>Adapt the Pinewood DMS aftersales features in line with Japanese vehicle inspection checks. | Japanese vehicles are required to undergo periodic *Shaken* inspections, which include specific mandatory requirements, pursuant to the Road Transport Vehicle Act (RTVA) (Act No. 185 of 1951, as amended).<br><br>Before the Pinewood DMS could be accepted by the OEMs and launched in Japan, the aftersales features need to be adapted in line with these inspection requirements. | Japan | The Defendant has been on notice of outstanding requirement since at least 7 May 2019.<br><br>As of 19 July 2022, the Development Item had not been completed, in breach of the Localisation Obligation and sections 13 and 14 SGSA. | 1.   It is not admitted that notice was given on 7 May 2019 (the Defendant having no record of any such notice).<br><br>2.   It is denied that this was a required Development Item. Whilst an operator of a vehicle has a requirement to ensure that the vehicle has a *Shaken* inspection (equivalent to a UK MOT), it is denied that it is a legal requirement for Japanese motor vehicle dealers or dealer management systems to provide aftersales features in line with such inspections (e.g. to issue reminders to customers of their inspection obligations). | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | 3. Further, it is denied that this alleged Development Item was required pursuant to the alleged Localisation Obligation. As a practical matter, Contracted Customers did not require the Pinewood DMS to produce *Shaken* inspection reminders to vehicle operators. Contracted Customers were able to contract with third parties to provide this service.<br><br>4. Further, and in any event, the Defendant made amendments to the Pinewood DMS to accommodate *Shaken* inspection reminders and this was completed to the satisfaction of Porsche Japan and the Claimant in April 2022. | |
| 17 | Japan Vehicle Taxes<br><br>Adapt the Pinewood DMS to allow | There are a number of specific taxes/charges that are applied in relation to automobiles in Japan: automobile tax, environmental performance levy, recycling charges, tonnage tax and import tax. The taxable values are calculated based on a range | Japan | The Defendant has been on notice of outstanding requirement since at least 29 March 2019, per the "POC Deliverables" document dated 14 March 2019 was circulated by Mr | 1. The pleaded document dated 29 March 2019 is admitted. This was a document created by the Defendant to request further information from the Claimant. It is denied | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | calculation of Japanese vehicle taxes. | of factors, including the relevant *Katashiki* and *Ruibetsu* vehicle codes.<br><br>The Development Item was required to allow the relevant tax values to be inputted and calculated in the Pinewood DMS, using the relevant codes. The Development Item was therefore required before the Pinewood DMS could be accepted by the OEMs and launched in Japan. | | Peter Thomas, of the Claimant, to Mr Simon Lowth, of the Defendant, on 29 March 2019.<br><br>As of 19 July 2022, the Development Item had not been completed. | that it constituted notice or details of the alleged Development Item.<br><br>2. It is denied that this was a required Development Item. Whilst it is a legal requirement for the owner of the vehicle to pay such taxes (and to the dealer to charge the appropriate taxes to be levied at the point of sale), there is no law or regulation that requires dealer management systems such as the Pinewood DMS to calculate the values, provided that they allow the dealer to enter the correct values to be charged (where charged at the point of sale). The Pinewood DMS does allow the input of each of these items. The Defendant understands that the existing dealer management system used by Porsche dealers works in a similar way. | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| **B.** | **Integration Items required pursuant to the Franchise Standards Obligation** | | | | | |
| 18 | PVMS Market Localisation. <br><br> To integrate the Pinewood DMS with Porsche online vehicle configurator. | Porsche Japan Franchise Standard. The Development Item was required by Porsche Japan because it was necessary to facilitate the supply of vehicle configuration information from Porsche's proprietary system to the Pinewood DMS. <br><br> The Development Item therefore needed to be completed before Porsche Japan would permit the Pinewood DMS to be launched with Porsche Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 13 August 2020. <br><br> As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The allegation that this alleged Integration Item was required pursuant to a Porsche Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified). <br><br> 2. The Framework Agreement with Porsche Japan did not provide for any further development of the Pinewood DMS. <br><br> 3. Without prejudice to the foregoing, it is denied that this alleged Integration Item was not completed. Changes to implement PVMS Market Localisation specific to Japan were made following testing sessions with Porsche AG and Porsche Japan. The changes were signed off by Porsche AG on 12 November 2021. The Claimant was invited to and attended meetings between Porsche AG, | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | Porsche Japan and the Defendant throughout this development process. A final weekly status report dated 15 June 2022 was prepared and presented by the Claimant to Porsche Japan acknowledging that this work was complete. | |
| 19 | C@P Market Localisation. <br><br> To integrate the Pinewood DMS with the Porsche Customer Relationship Management (CRM) module. | Porsche Japan Franchise Standard. Development Item was required by Porsche Japan because it was necessary to facilitate the exchange of customer information between Porsche's CRM module and the Pinewood DMS. <br><br> The Development Item therefore needed to be completed before Porsche Japan would permit the Pinewood DMS to be launched with Porsche Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 13 August 2020. <br><br> As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The allegation that this Integration Item was required pursuant to a Porsche Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified). <br><br> 2. The Framework Agreement with Porsche Japan did not provide for any further development of the Pinewood DMS. <br><br> 3. Without prejudice to the foregoing, it is denied that this alleged Integration Item was not completed. The relevant changes were initially | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | completed in April 2022. Following this, further issues were identified in testing which were resolved by the Defendant. A final weekly status report dated 15 June 2022 was prepared and presented by the Claimant to Porsche Japan acknowledging that this work was complete subject to two minor outstanding issues. Porsche AG and Porsche Japan have subsequently confirmed that the Pinewood DMS could proceed to user acceptance testing. | |
| 20 | PCSS Market Localization. <br><br> To integrate the Pinewood DMS with the Porsche Central Service System. | Porsche Japan Franchise Standard. The Development Item was required by Porsche Japan because it was necessary to integrate the Pinewood DMS with the PCSS, to synchronise repair orders for Japanese customers. <br><br> The Development Item therefore needed to be completed before Porsche Japan would permit the Pinewood DMS to be launched with Porsche Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 13 August 2020. <br><br> As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The allegation that this Integration Item was required pursuant to a Porsche Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified). <br><br> 2. The Framework Agreement with Porsche Japan did not provide for any further | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | development of the Pinewood DMS. <br><br> 3. Without prejudice to the foregoing, it is denied that this alleged Integration Item was not completed. This work was completed early 2021. A final weekly status report dated 15 June 2022 was prepared and presented by the Claimant to Porsche Japan acknowledging that this work was complete. | |
| 21 | Polaris – Parts Return Submission. <br><br> To integrate the Pinewood DMS with Polaris, Porsche's parts order system, with respect to parts returns. | Porsche Japan Franchise Standard. The Development Item was required by Porsche Japan because it was necessary to integrate the Pinewood DMS with Polaris, such that details of parts returns by dealers would be transmitted from the Pinewood DMS to Polaris. <br><br> The Development Item therefore needed to be completed before Porsche Japan would permit the Pinewood DMS to be launched with Porsche Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 13 August 2020. <br><br> As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The allegation that this Integration Item was required pursuant to a Porsche Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified). <br><br> 2. The Framework Agreement with Porsche Japan did not provide for any further development of the Pinewood DMS. | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | 3. Without prejudice to the foregoing, it is denied that this alleged Integration Item was not completed. Porsche AG requested that the Polaris group of interfaces were retested and certified. This was completed and signed off by Porsche AG on 1 June 2022. | |
| 22 | Polaris – Parts Auto Receipt. To integrate the Pinewood DMS with Polaris, Porsche's parts order system, with respect to parts deliveries. | Porsche Japan Franchise Standard. The Development Item was required by Porsche Japan because it was necessary to integrate the Pinewood DMS with Polaris, such that parts deliveries would be updated in the Pinewood DMS. The Development Item therefore needed to be completed before Porsche Japan would permit the Pinewood DMS to be launched with Porsche Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 13 August 2020. As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The allegation that this Integration Item was required pursuant to a Porsche Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified). 2. The Framework Agreement with Porsche Japan did not provide for any further development of the Pinewood DMS. 3. Without prejudice to the foregoing, it is denied that this alleged Integration Item was not completed. Porsche AG | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|----|------------------|----------------------------------------------------------------------------------------------------|-----------|---------------------|----------------------|--------------------|
| | | | | | requested that the Polaris group of interfaces were retested and certified. This was completed and signed off by Porsche AG on 1 June 2022. | |
| 23 | Polaris – Parts Stock Order Submission.

To integrate the Pinewood DMS with Polaris, Porsche's parts order system, with respect to order transfers. | Porsche Japan Franchise Standard. The Development Item was required by Porsche Japan because it was necessary to integrate the Pinewood DMS with Polaris, such that details of parts orders would be transmitted from the Pinewood DMS to Polaris.

The Development Item therefore needed to be completed before Porsche Japan would permit the Pinewood DMS to be launched with Porsche Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 13 August 2020.

As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The allegation that this Integration Item was required pursuant to a Porsche Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified).

2. The Framework Agreement with Porsche Japan did not provide for any further development of the Pinewood DMS.

3. Without prejudice to the foregoing, it is denied that this alleged Integration Item was not completed. Porsche AG requested that the Polaris group of interfaces were retested and certified. This was completed and signed | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | off by Porsche AG on 1 June 2022. | |
| 24 | Polaris – Parts Franchise File & Price Update. <br><br> To integrate the Pinewood DMS with Polaris, Porsche's parts order system, with respect to parts master files. | Porsche Japan Franchise Standard. The Development Item was required by Porsche Japan because it was necessary to integrate the Pinewood DMS with Polaris, such that the parts master file could be transferred from the Pinewood DMS to Polaris. <br><br> The Development Item therefore needed to be completed before Porsche Japan would permit the Pinewood DMS to be launched with Porsche Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 13 August 2020. <br><br> As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The allegation that this Integration Item was required pursuant to a Porsche Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified). <br><br> 2. The Framework Agreement with Porsche Japan did not provide for any further development of the Pinewood DMS. <br><br> 3. Without prejudice to the foregoing, it is denied that this alleged Integration Item was not completed. Porsche AG requested that the Polaris group of interfaces were retested and certified. This was completed and signed off by Porsche AG on 1 June 2022. | |
| 25 | RIM. | Jaguar Land Rover Japan Franchise Standard. The Development Item was | Japan | The Defendant has been on notice of outstanding | 1. The alleged notice dated 26 November 2019 is | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | To integrate the Pinewood DMS with RIM, Jaguar Land Rover's parts movement system. | required by Jaguar Land Rover Japan because it was necessary to integrate the Pinewood DMS with RIM, such that parts movements could be sent from the Pinewood DMS to RIM for automated order recommendations.<br><br>The Development Item therefore needed to be completed before Jaguar Land Rover Japan would permit the Pinewood DMS to be launched with Jaguar Land Rover Japan dealers. | | requirement since at least 26 November 2019.<br><br>As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | denied (no such notice having been received by the Defendant).<br><br>2.   The allegation that this Integration Item was required pursuant to a Jaguar Land Rover ("**JLR**") Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified).<br><br>3.   The Framework Agreement with JLR Japan did not require the Claimant to comply with integration requirements if such integrations depended on the cooperation or services of a third party provider (including the Defendant).<br><br>4.   Without prejudice to the foregoing, it is denied that this alleged Integration Item was required. The Pinewood DMS required no changes to accommodate RIM, such integration | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | having been available for many years. | |
| 26 | CXP. <br><br> To integrate the Pinewood DMS with CXP, a Jaguar Land Rover leads management/ CRM tool. | Jaguar Land Rover Japan Franchise Standard. The Development Item was required by Jaguar Land Rover Japan because it was necessary to integrate the Pinewood DMS with CXP, such that customer, vehicle and event data could be synchronised between the Pinewood DMS and CXP. <br><br> The Development Item therefore needed to be completed before Jaguar Land Rover Japan would permit the Pinewood DMS to be launched with Jaguar Land Rover Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 26 November 2019. <br><br> As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The alleged notice dated 26 November 2019 is denied (no such notice having been received by the Defendant). <br><br> 2. The allegation that this Integration Item was required pursuant to a JLR Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified). <br><br> 3. The Framework Agreement with JLR Japan did not require the Claimant to comply with integration requirements if such integrations depended on the cooperation or services of a third party provider (including the Defendant). <br><br> 4. Without prejudice to the foregoing, it is denied that this alleged Integration Item was | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | required. CXP is not currently integrated with any dealer management system in Japan. Accordingly, it is denied that integration of CXP is a franchise standard.<br><br>5. Further, it is not possible for the Pinewood DMS to be integrated with CXP. The Defendant has been in contact with JLR UK, JLR Japan and the JLR Salesforce partner (Argologic), who have confirmed that the CXP project is not yet at a state where the Defendant can commence development of integration with the Pinewood DMS. In the premises, the Defendant could not (using best endeavours) have implemented this alleged Integration Item. | |
| 27 | eSmart.<br><br>To integrate the Pinewood DMS with eSmart, a | Jaguar Land Rover Japan Franchise Standard. The Development Item was required by Jaguar Land Rover Japan because it was necessary to integrate the Pinewood DMS with eSmart, such that accurate vehicle invoicing status | Japan | The Defendant has been on notice of outstanding requirement since at least 26 November 2019. | 1. The alleged notice dated 26 November 2019 is denied (no such notice having been received by the Defendant). | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | Jaguar Land Rover vehicle order status data, vehicle invoice and credit data system. | updates could be shared between the systems.<br><br>The Development Item therefore needed to be completed before Jaguar Land Rover Japan would permit the Pinewood DMS to be launched with Jaguar Land Rover Japan dealers. | | As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 2. The allegation that this Integration Item was required pursuant to a JLR Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified).<br><br>3. The Framework Agreement with JLR Japan did not require the Claimant to comply with integration requirements if such integrations depended on the cooperation or services of a third party provider (including the Defendant).<br><br>4. Without prejudice to the foregoing, it is denied that this alleged Integration Item was required. To the best of the Defendant's knowledge, approximately 50% of the JLR Japan dealer network are using systems that do not support this integration. Accordingly, eSmart | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|----|------------------|---------------------------------------------------------------------------------------------------|-----------|---------------------|---------------------|-------------------|
| | | | | | integration is not a franchise standard. | |
| 28 | EVHC. <br><br> To provide a standardised export of vehicle health check data to Jaguar Land Rover. | Jaguar Land Rover Japan Franchise Standard. The Development Item was required by Jaguar Land Rover Japan so that vehicle health check data could be provided from the Pinewood DMS to Jaguar Land Rover. <br><br> The Development Item therefore needed to be completed before Jaguar Land Rover Japan would permit the Pinewood DMS to be launched with Jaguar Land Rover Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 26 November 2019. <br><br> As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The allegation that this Integration Item was required pursuant to a JLR Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified). <br><br> 2. The Framework Agreement with JLR Japan did not require the Claimant to comply with integration requirements if such integrations depended on the cooperation or services of a third party provider (including the Defendant). <br><br> 3. Without prejudice to the foregoing, it is denied that the Claimant gave adequate notice of the detail of this Integration Item (on 26 November 2019 or at all). The Defendant asked the Claimant for a detailed specification for this | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | Integration Item and none was provided. <br><br> 4. Without the appropriate finalised specification, the Defendant was unable to commence development (despite using best endeavours to do so). | |
| 29 | Parts Auto Receipt/ Stock Order. <br><br> To provide an online parts order portal file to be imported to the Pinewood DMS. | Jaguar Land Rover Japan Franchise Standard. The Development Item was required by Jaguar Land Rover Japan so that a daily data import could be provided to the Pinewood DMS, to update parts delivery data and inventory. <br><br> The Development Item therefore needed to be completed before Jaguar Land Rover Japan would permit the Pinewood DMS to be launched with Jaguar Land Rover Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 17 January 2020. <br><br> As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The alleged notice dated 17 January 2020 is denied (no such notice having been received by the Defendant). <br><br> 2. The allegation that this Integration Item was required pursuant to a JLR Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified). <br><br> 3. The Framework Agreement with JLR Japan did not require the Claimant to comply with integration requirements if such integrations depended on the cooperation or services | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | of a third party provider (including the Defendant).<br><br>4. Without prejudice to the foregoing, and in any event, it is denied that there is a franchise standard that a dealer needs to have an integrated Parts Auto Receipt.<br><br>5. Further, the Pinewood DMS has the ability to process JLR auto receipt files. The JLR Japan receipt files do not follow the standard JLR format and as such any superseded part cannot be auto receipted. Unipart UK, who provide the receipt files for Japan, would need to make a change to the file format to include the original ordered part number in addition to the new part number so these receipts can be matched. Unless and until Unipart UK make such a change, the Defendant is unable to implement this alleged | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | Integration Item even using best endeavours. | |
| 30 | <u>VISTA.</u><br><br>To integrate the Pinewood DMS with VISTA, the Jaguar Land Rover global system for vehicle hand-over tracking. | Jaguar Land Rover Japan Franchise Standard. The Development Item was required by Jaguar Land Rover Japan so that the Pinewood DMS could be integrated with VISTA for the purpose of notifying vehicle hand-over.<br><br>The Development Item therefore needed to be completed before Jaguar Land Rover Japan would permit the Pinewood DMS to be launched with Jaguar Land Rover Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 26 November 2019.<br><br>As of 19 July 2022, the Development Item had not been completed. | 1. The alleged notice dated 26 November 2019 is denied (no such notice having been received by the Defendant).<br><br>2. The allegation that this Integration Item was required pursuant to a JLR Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified).<br><br>3. The Framework Agreement with JLR Japan did not require the Claimant to comply with integration requirements if such integrations depended on the cooperation or services of a third party provider (including the Defendant).<br><br>4. Without prejudice to the foregoing, and in any event, it is denied that there is a franchise | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | standard that a dealer needs to have an integration with Vista for handover of new vehicles. Such a proposal was not initiated by JLR Japan, although it was suggested as a "nice to have" addition by Gary Wheddon (Overseas IT Manager from Jaguar Land Rover). | |
| 31 | JACCS.<br><br>To integrate the Pinewood DMS with JACCS, the financial proposal software used by Jaguar Land Rover dealers in Japan. | Jaguar Land Rover Japan Franchise Standard. The Development Item was required by Jaguar Land Rover Japan such that the Pinewood DMS could be integrated with JACCS, such that the Pinewood DMS could handle financial quotations and other financing information required in the customer sales process.<br><br>The Development Item therefore needed to be completed before Jaguar Land Rover Japan would permit the Pinewood DMS to be launched with Jaguar Land Rover Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 17 January 2020.<br><br>As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The allegation that this Integration Item was required pursuant to a JLR Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified).<br><br>2. The Framework Agreement with JLR Japan did not require the Claimant to comply with integration requirements if such integrations depended on the cooperation or services of a third party provider (including the Defendant). | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | 3.  Without prejudice to the foregoing, it is denied that the Claimant gave adequate notice of the detail of this Integration Item (on 17 January 2020 or at all). The Defendant asked the Claimant for a detailed specification for this Integration Item and none was provided.<br><br>4.  Without the appropriate finalised specification, the Defendant was unable to commence development (despite using best endeavours to do so).<br><br>5.  Further, it is denied that there is a franchise standard that a dealer needs to have an integration with JACCS for financial proposals.<br><br>6.  Further, JLR Japan has acknowledged that the JACCS system was not ready for integration with any dealer management system provider. Accordingly, the Defendant was unable to implement this | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | alleged Integration Item even using best endeavours. | |
| 32 | DDW / WASP. To integrate the Pinewood DMS with Jaguar Land Rover's direct dealer warranty system. | Jaguar Land Rover Japan Franchise Standard. The Development Item was required by Jaguar Land Rover Japan such that the Pinewood DMS could be used to process warranty claims. The Development Item therefore needed to be completed before Jaguar Land Rover Japan would permit the Pinewood DMS to be launched with Jaguar Land Rover Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 8 October 2019. As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The alleged notice dated 8 October 2019 is denied (no such notice having been received by the Defendant). 2. The allegation that this Integration Item was required pursuant to a JLR Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified). 3. The Framework Agreement with JLR Japan did not require the Claimant to comply with integration requirements if such integrations depended on the cooperation or services of a third party provider (including the Defendant). 4. In any event, this integration has always been available, with no | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|----|------------------|---------------------------------------------------------------------------------------------------|-----------|---------------------|----------------------|--------------------|
| | | | | | suggestion of any change requirements from JLR Japan or JLR UK. | |
| 33 | <u>Used Car Locator</u>.<br><br>To provide a file import interface with respect to used car information. | Jaguar Land Rover Japan Franchise Standard. The Development Item was required by Jaguar Land Rover Japan such that the Pinewood DMS would be automatically provided with used car information, rather than requiring manual entry.<br><br>The Development Item therefore needed to be completed before Jaguar Land Rover Japan would permit the Pinewood DMS to be launched with Jaguar Land Rover Japan dealers. | Japan | The Defendant has been on notice of outstanding requirement since at least 17 January 2020.<br><br>As of 19 July 2022, the Development Item had not been completed, in breach of the Franchise Standards Obligation and sections 13 and 14 SGSA. | 1. The allegation that this Integration Item was required pursuant to a JLR Japan Franchise Standard is embarrassing for want of particularity (no such standard having been identified).<br><br>2. The Framework Agreement with JLR Japan did not require the Claimant to comply with integration requirements if such integrations depended on the cooperation or services of a third party provider (including the Defendant).<br><br>3. Without prejudice to the foregoing, it is denied that the Claimant gave adequate notice of the detail of this Integration Item (on 17 January 2020 or at all). The Defendant has been provided with | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | an outline specification; however, this has not been finalised.<br><br>4. Without the appropriate finalised specification, the Defendant was unable to commence development. However, it appears from the outline specification that a standard integration is already available to support this in the Pinewood DMS. | |
| **C. Localisation Items** | | | | | | |
| 34 | Address Handling.<br><br>Changes to ensure that the Pinewood DMS displays addresses with the postcode first. | For Japanese addresses, postcodes are displayed first. The Development Item was therefore required before the Pinewood DMS could be accepted by the OEMs and launched in Japan. | Japan | The Defendant has been on notice of outstanding requirement since at least 10 May 2019.<br><br>As of 19 July 2022, the Development Item had not been completed, in breach of the Localisation Obligation and sections 13 and 14 SGSA. | 1. It is admitted that the Defendant was on notice of this requirement since 10 May 2019.<br><br>2. It is denied that this Development Item had not been completed as of 19 July 2022. This development was completed and made available on 31 March 2020. | |
| 35 | Japan Date Handling. | It is conventional business practice in Japan to use the *Wareki* date format | Japan | The Defendant has been on notice of outstanding | 1. It is admitted that the Defendant was on notice | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | Adapt the Pinewood DMS to print dates in the conventional Japanese format. | (HYY/MM/DD, with "H" signifying the era). <br><br> The Development Item was therefore required before the Pinewood DMS could be accepted by the OEMs and launched in Japan. | | requirement since at least 10 May 2019. <br><br> As of 19 July 2022, the Development Item had not been completed, in breach of the Localisation Obligation and sections 13 and 14 SGSA. | of this requirement since 10 May 2019. <br><br> 2.  It is denied that this Development Item had not been completed as of 19 July 2022. This development was completed and made available in February 2021. | |
| 36 | Name Handling. <br><br> Adapt Pinewood DMS to handle Japanese individual name formats. | Japanese names are written in the order: surname, first name, title. <br><br> Further, Japanese names are normally written in *kanji* characters, but *furigana* is commonly used in addition, as well as for foreign names. Therefore, for example, the Pinewood DMS needed to be adapted in Japan to include additional name fields for *furigana*. <br><br> The Development Item was therefore required before the Pinewood DMS could be accepted by the OEMs and launched in Japan. | Japan | The Defendant has been on notice of outstanding requirement since at least 14 March 2019, per the "POC Deliverables" document circulated by Mr Peter Thomas, of the Claimant, to Mr Simon Lowth, of the Defendant, on 29 March 2019. <br><br> As of 19 July 2022, the Development Item had not been completed. | 1.  The pleaded document is admitted, but it is denied that it provided sufficient detail to enable the Defendant to implement the alleged Development Item. In particular, the pleaded document stated that the Claimant would provide a "list of documentation regulations to be confirmed in terms of content and format". This was never provided. <br><br> 2.  It is denied that this Development Item had not been completed as of 19 July 2022. The initial request from the Claimant was to store | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | | and display both *kanji* and *katakana* names and make these available for customer facing documents. Whilst in discussion with Porsche Japan it was also requested to handle *furigana*. This functionality was released on 28 June 2021.<br><br>3. Subsequently, the Claimant advised that it would be necessary to retrieve customer records by searching using either of the three names – *katakana*, *kanji* or *furigana*. This change was released on 26 May 2022. | |
| 37 | System Accounts Rounding.<br><br>To allow Japanese yen amounts to be rounded. | Japanese yen does not use decimal places so any monetary values must be rounded.<br><br>The Development Item was therefore required before the Pinewood DMS could be accepted by the OEMs and launched in Japan. | Japan | The Defendant has been on notice of outstanding requirement since at least 14 March 2019, per the "POC Deliverables" document circulated by Mr Peter Thomas, of the Claimant, to Mr Simon Lowth, of the Defendant, on 29 March 2019. | 1. The pleaded document dated 14 March 2019 is admitted. This was a document created by the Defendant to request further information from the Claimant. It is denied that it constituted notice or details of the alleged Development Item. | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

| No | Development Item | Basis for Categorisation / Relevant Legal Requirement, Franchise Standard or Localisation Rationale | Territory | Claimant's position | Defendant's position | Reserved for Court |
|---|---|---|---|---|---|---|
| | | | | As of 19 July 2022, the Development Item had not been completed. | 2. It is denied that this Development Item had not been completed as of 19 July 2022. The results of currency calculations will round to a whole number in the Pinewood DMS. All customer facing documents supress decimal places. This was completed by April 2022. | |

DocuSign Envelope ID: 67EF08B4-30F8-4E94-9C4B-8AEC5C1E572A

## STATEMENT OF TRUTH

The Defendant believes that the facts stated in this Scott Schedule are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

I am duly authorised to sign the Statement of Truth on behalf of the Defendant.

Signed: 

Name: Paul Hopkinson

Position or office held: Managing Director, Pinewood Technologies PLC

Date: 03 November 2022